UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>     Plaintiff, <br><br> v. <br><br> C.G. SCHMIDT, INC., <br><br>     Defendant. | ) <br> ) <br> ) <br> )   **Civil Action No. 08-C-0173** <br> ) <br> ) <br> )   **COMPLAINT** <br> )   Jury Trial Demand <br> ) <br> ) |

NATURE OF THE ACTION

  This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. 1981a, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Frederick Jackson, who was adversely affected by such practices. As stated with greater particularity in paragraph seven (7) below, the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), alleges that the Defendant, C.G. Schmidt, Inc. ("Schmidt"), violated Title VII when it retaliated against Frederick Jackson by terminating his employment because he filed a charge of discrimination with EEOC .

**JURISDICTION AND VENUE**

  1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

2. The employment practices and actions alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times the Defendant has continuously been a company doing business in the State of Wisconsin, City of Milwaukee, and has continuously had at least fifteen (15) employees.

5. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the commencement of this lawsuit, Frederick Jackson filed a charge with EEOC alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), when it terminated Jackson on or about October 24, 2006, in retaliation for his filing of a charge of discrimination with EEOC on or about August 21, 2006, and for otherwise complaining about race discrimination.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Jackson of equal employment opportunities and otherwise adversely affect his status as an employee because of his participation in and filing of a charge of discrimination.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Jackson.

## PRAYER FOR RELIEF

Wherefore, the plaintiff EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Schmidt, and its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates against current or former employees;

B. Order Schmidt to institute and carry out policies, practices, and programs which provide equal employment opportunities for Jackson, and which eradicates the effects of its past and present unlawful employment practices;

C. Order Schmidt to make Jackson whole by reinstating his employment, or alternatively, providing front-pay, providing appropriate back-pay including the value of fringe benefits, with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Schmidt to make Jackson whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of above, in an amount to be determined at trial;

E. Order Schmidt to make Jackson whole by compensating him for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including injury to professional reputation, emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Schmidt to pay Jackson punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all issues of fact raised by its Complaint.

Respectfully submitted,

Dated: February 26, 2008

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1801 "L" Street, N.W.
Washington, D.C. 20507

/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

4

/s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney

/s/ Brian C. Tyndall
Brian C. Tyndall
Senior Trial Attorney

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Milwaukee Area Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI 53203-2992
Phone: (414) 297-1130
Facsimile: (414) 297-3146
E-mail: brian.tyndall@eeoc.gov