# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

       Plaintiff,

v.                                                 Case No. 08-CV-173

C.G. SCHMIDT, INC.,

       Defendant.

_____

## CONSENT DECREE AND ORDER

On February 26, 2008, the United States Equal Employment Opportunity Commission ("EEOC") filed Civil Action No. 08-C-173 (E.D. Wis.) against defendant CG Schmidt, Inc. ("CGS"), alleging that CGS violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by firing Frederick Jackson in retaliation for filing a discrimination charge with the EEOC against CGS. The Complaint sought injunctive relief and back pay and compensatory and punitive damages for Mr. Jackson.

The EEOC and CGS have agreed to this Consent Decree to fully and finally resolve all claims which the EEOC raised in its Complaint in Civil Action No. 08-C-173 (E.D. Wis.). This Consent Decree shall be final and binding on the EEOC and on CGS, CGS's directors, officers, employees, successors, and assigns, and on all persons in active concert or participation with them.

### CONSENT DECREE

Upon the consent of the parties to this action, **IT IS HEREBY ORDERED, ADJUDGED and DECREED** that:

## Non-Discrimination

1. **Court's Jurisdiction**. This Court has jurisdiction over the parties and the subject matter of this action.

2. **Prohibition Against Title VII Violations**. CGS is enjoined from engaging in any employment practice which constitutes retaliation under Title VII.

3. **Compliance with Title VII**. CGS shall comply fully with all provisions of Title VII. Nothing in this Consent Decree shall be construed to limit CGS's obligations under Title VII or the EEOC's authority to process or litigate any charge of discrimination which may be filed against CGS in the future, or CGS's ability to defend against any such claims.

4. **No Retaliation**. CGS shall not engage in, implement, or permit any action, policy, or practice with the purpose of retaliating against any current or former applicant or employee because s/he opposed any action or practice which is unlawful under Title VII. CGS shall not retaliate against individuals who filed a charge of discrimination alleging any such action or practice; testified or participated in any manner in any investigation (including, but not limited to, any internal investigation undertaken by CGS), proceeding, or hearing relating to any claim of employment discrimination in this case or otherwise; or who was identified as a possible witness in this action; asserted any rights under this Consent Decree; or sought and/or received any monetary and/or non-monetary relief in accordance with the law.

## Monetary Relief

5. CGS agrees that, within 15 days of the entry of this Consent Decree and Order by the Court, it will pay $85,000 – less appropriate deductions on $42,500, the portion of this sum awarded as back pay – to Frederick Jackson. CGS shall pay the employer's share of all applicable withholdings on that back pay amount, which shall not reduce the payment to Mr. Jackson. The balance of the payment, $42,500, is for Mr. Jackson's other financial losses. CGS shall issue a Form 1099 to Mr. Jackson for this portion of the settlement amount. Mr. Jackson shall be responsible for paying any taxes owing on the amount stated on the Form 1099.

6. CGS shall send the settlement check to Mr. Jackson by certified U.S. mail to an address specified by the EEOC, and shall simultaneously provide a photocopy of the check to Brian C. Tyndall, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292, on the same day that it mails the check to Mr. Jackson.

## Posting of Notice

7. Within 10 days of the entry of this Consent Decree, CGS shall post same-sized copies of the Notice attached as **Exhibit A** to this Decree on all bulletin boards in CGS's offices used for communicating human resources matters to employees. The notice shall remain posted for two years from the date on which this Decree is entered. Within 10 business days after the posting, CGS shall send a letter to Brian C. Tyndall, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue

- Suite 800, Milwaukee, WI 53203-2292, enclosing a copy of the Notice as signed by CGS, and stating the dates and locations of the posting. CGS shall ensure that the postings are not altered, defaced, or covered by other material. If the posted copies are removed or become defaced or otherwise illegible, as soon as practical CGS shall re-post readable copies in the same manner as previously specified.

## Dissemination of Policy Statement

8. CGS agrees to issue and disseminate to all employees, within 30 days of execution of this Consent Decree and Order, an effective policy regarding retaliation, including a clear and effective statement of the prohibited types of retaliation (including, but not limited to, layoffs or terminations, negative referrals, failures to provide references, etc.) and stating a clear and effective complaint procedure for CGS employees who believe they may have been retaliated against, a procedure for proper and effective investigations, and a clear description of the discipline CGS will impose on offenders. Once each year for the next two years, on or before the anniversary of the date of entry of this Consent Decree and Order, CGS shall re-issue the policy statement to all employees.

## Training

9. During the duration of this Consent Decree, CGS shall provide the following training to all of its managers and supervisors:

(a) CGS shall provide annual training sessions regarding the rights of applicants and employees under Title VII, and the employer's obligations

under Title VII, with an emphasis on retaliation, how to keep CGS free of such retaliation, and what constitutes unlawful retaliation.

(b) Each training session will include a live presentation by an executive, manager, or employee relations professional of CGS emphasizing CGS's commitment to prevent retaliation.

(c) CGS shall first provide training in accordance with Paragraph 9(a) above during the one-year periods ending on December 31, 2010, and December 31, 2011.

10. In addition to the training described in Paragraph 9 above, CGS shall provide training to all of its supervisory and managerial employees and all employees in its Human Resources Department on the parts for which they are or may be responsible in CGS's conduct of investigations into allegations, complaints, or charges of retaliation and on the prompt and effective conduct of such investigations.

11. The training described in Paragraphs 9 and 10 above shall be conducted by CGS's outside counsel, attorney Eric E. Hobbs of the law firm of Michael Best & Friedrich LLP. At least 10 days prior to each training session, Mr. Hobbs shall submit the dates of the training sessions and the training materials to Brian C. Tyndall, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292.

12. Within five business days after each training session has occurred, CGS shall send a letter to Brian C. Tyndall, Senior Trial Attorney, EEOC, 310 West

Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292, certifying to the EEOC that the training has taken place and that the required personnel have attended.

## Reporting and Record Retention

13. For two years from the entry of this Consent Decree and Order, CGS shall report the following information in writing to the EEOC's Milwaukee Area Office: (a) the names, addresses, and telephone numbers of all CGS employees who make a formal or informal complaint of retaliation, (b) a summary of the nature of the complaint or allegation of retaliation, with details including the specific facts of the complaint, the persons involved, and the actions taken by defendants to promptly and effectively deal with the complaint or allegation; (c) a summary of the results of any investigation, discipline, or other action taken as a result of the complaint or allegation; and (d) a description of all changes in the terms or conditions of employment for any employee of CGS who has, within the preceding year, made an internal complaint or allegation of retaliation under Title VII, or filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under Title VII. CGS shall report this information to the EEOC within 60 days after the receipt of any complaint or allegation of retaliation.

14. CGS shall maintain all documents pertaining to the complaints or applications reported pursuant to Paragraph 13 above for the full two-year reporting period, and shall make such documents available for inspection by EEOC on 48 hours' written notice (excluding weekends and holidays).

## Dispute Resolution

15.  If either party to this Consent Decree believes that the other party has failed to comply with any provision of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 20 business days of the alleged non-compliance and shall afford the alleged non-complying party 20 business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied.  If the alleged non-complying party has not remedied the alleged non-compliance within 20 business days, the complaining party may apply to the Court for appropriate relief.

## Miscellaneous Provisions

16.  This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC on behalf of Frederick Jackson in its Complaint in Civil Action No. 08-C-173 (E.D. Wis.) and all claims that the EEOC brought or could have brought arising out of the discrimination charge filed by Mr. Jackson against CGS, EEOC Charge No. 443-2007-00798C.  The parties agree that this Decree does not resolve any other charges or claims

17.  The terms of this Decree are adequate, fair, reasonable, equitable and just.

18.  This Decree conforms to the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person.  The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, Mr. Jackson, and the public.

19. Each party to this Decree shall bear its own costs, attorneys' fees, and expenses.

20. The terms of this Decree are and shall be binding upon CGS's present and future directors, officers, assigns, and successors, in their capacities as CGS directors and officers and not in their individual capacities. This Paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

21. This Consent Decree shall be filed in the United States District Court for the Eastern District of Wisconsin, and shall continue in effect for two years. Any application by any party to modify or vacate the Decree during that period shall be made by motion to the Court on no less than 30 days' notice to the other party.

22. This Court shall retain jurisdiction over this action in order to enforce the terms of this Consent Decree.

Dated at Milwaukee, Wisconsin, this 7th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

*Exhibit A*

# NOTICE TO ALL CG SCHMIDT, INC., EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against CG Schmidt, Inc. ("CGS").

In its lawsuit, the EEOC alleged, and CGS denied, that CGS violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by firing employee Frederick Jackson in retaliation for filing a race discrimination charge with the EEOC against CGS. Title VII is a federal law which prohibits discrimination against employees and applicants for employment based upon race, color, sex, religion or national origin. Title VII also forbids employers to retaliate against employees or applicants who oppose discriminatory employment practices, file a charge of discrimination with a government agency, or testify or participate in an EEOC investigation.

This case was resolved by paying $85,000 to Mr. Jackson and disseminating a new CGS policy against retaliation, training employees about the new policy, and reporting to the EEOC about any new complaints of retaliation. The Consent Decree also provides that:

- P  CGS will not retaliate against any person because s/he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree.

- P  CGS will train all of its supervisory, management, and human resources employees regarding retaliation and CGS's policies prohibiting retaliation.

The EEOC enforces the federal laws against employment discrimination on the basis of race, color, religion, national origin, sex, age, or disability. If you believe you have been discriminated against, you may call the EEOC at (414) 297-1110 or at (800) 669-4000. The EEOC does not charge fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE. This Notice must remain posted for 24 months from the date below and must not be altered, defaced, or covered by any other material.**

Date: _____    By: _____
                                     Richard "Rick" L. Schmidt, Jr.
                                     President and Chief Executive Officer
                                     CG Schmidt, Inc.